<table>
<tr><td>

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

</td><td>

RECEIVED

2009 OCT 13 ₽ 4: 35

P. HACKETT, CLK

</td></tr>
</table>

|  |  |  |
|---|---|---|
| **Richard L. Coleman**, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:09-CV- 954 |
| | ) | **Plaintiff Demands Jury Trial** |
| **Ford Motor Credit Company,** and **Trans Union,** | ) | |
| **LLC,** a foreign limited liability company, | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

**COMES NOW** Plaintiff, by and through the undersigned counsel, and would show unto this Honorable Court as follows:

## PRELIMINARY STATEMENT

1.     This Complaint seeks actual, compensatory, statutory and punitive damages, including injunctive and declaratory relief, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "the FCRA"), and state common law causes of action.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Defendants' violations of

Plaintiff's rights, as alleged herein, occurred in Montgomery County, Alabama, and were committed within the Northern Division of the Middle District of Alabama.

## PARTIES

3.    Plaintiff Richard L. Coleman (hereinafter referred to as "Plaintiff") is a natural person and a resident and citizen of Montgomery County, the State of Alabama, and of the United States.  Plaintiff is a "consumer" as that term is defined by the FCRA and Ala. Code 1975, § 8-19-3(2).

4.    Defendant Ford Motor Credit Company (hereinafter referred to as "Ford" or "Defendant") is a foreign corporation licensed to furnish credit to consumers within the state of Alabama.

5.    Defendant Trans Union, LLC (hereinafter referred to as "Trans Union" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama. Defendant is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

**Defendant Ford:**

6.    Plaintiff incorporates by reference herein paragraphs one (1) through five (5).

7.      On April 28, 2004 Plaintiff filed for debt relief under Title 11 of the United States

        Bankruptcy Code and was discharged on August 28 2008.[1]

8.      Notwithstanding the aforesaid, Defendant continues to report Plaintiff's account to one or

        more of the three national consumer reporting agencies (hereinafter referred to as

        "CRAs") as having a current balance due and payable, rather than reflecting that such was

        discharged in bankruptcy.

9.      More specifically, Ford reported, and continues to report, to Trans Union that Plaintiff

        has an outstanding balance with, and remains personally liable to, that Defendant for the

        amount of $3,781.00.  In or around June 2008, Ford reported such information even

        though Plaintiff's account was included and discharged within his bankruptcy.

10.     Defendant obtained knowledge of Plaintiff's discharge on at least two separate occasions,

        *i.e.*, receipt of the BNC Certificate of Service – Meeting of Creditors and the BNC

        Certificate of Service – Order of Discharge, as the result of its inclusion within Schedule

        F - Creditor's Holding Unsecured Nonpriority Claims of Plaintiff's bankruptcy petition.

11.     Defendant has recklessly, intentionally, willfully and/or maliciously failed to implement

        reasonable procedures to insure that Plaintiff's account is reported as having a "0" balance

        as contemplated by the Fair Credit Reporting Act.  The FTC's Official Staff Commentary

        § 607 item 6 states that "a consumer report may include an account that was discharged

        in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to

---

[1] United States Bankruptcy Court for the Middle District of Alabama, Case No.: 04-31199.

reflect the fact that the consumer is no longer liable for the discharged debt."
Acknowledging that the Federal Trade Commission's Staff Commentary lacks
substantive precedential esteem it is persuasive in that it provides an explanation of the
phrase "reasonable procedures."

12.    Notwithstanding that Defendant properly updates numerous accounts each month it has
negligently, intentionally, maliciously and/or willfully refused to do so with Plaintiff, and
other similarly situated consumers.  More specifically, Defendant has a pattern or
practice of failing and/or refusing to properly update credit files of consumers who have
obtained debt relief through the U.S. Bankruptcy Code.

13.    As stated by the Honorable Judge William R. Sawyer of the United States Bankruptcy
Court for the Middle District of Alabama, "[t]he sheer number of ... cases [filed for a
creditor's failure and/or refusal to update a discharged debtor's credit reports] may
suggest that some creditors are systematically taking such action in an effort to diminish
the value of a discharge in bankruptcy."[2]

14.    Defendant has promised, through its subscriber agreements or contracts with the CRAs to
update accounts that have been discharged in bankruptcy but has willfully, maliciously,

---

[2] In re Norman, 2006 WL 2818814 (Bankr.M.D.Ala. September 29, 2006) (*citing Irby v. Fashion Bug (In re Irby),* 337 B.R. 293 (Bankr.N.D.Ohio 2005) (reporting discharged debts as past due on credit report); *Helmes v. Wachovia Bank, N.A. (In re Helmes),* 336 B.R. 105 (Bankr.E.D.Va.2005) (reporting the discharged debt as "over 120 days past due" on credit report); *Smith v. Am. Gen. Fin. Inc. (In re Smith),* 2005 WL 3447645 (Bankr.N.D.Iowa Dec. 12, 2005) (reporting discharged debts as "account charged off/past due 180 days," "charged off as bad debt," and "charged-off" on credit report); *In re Miller,* 2003 WL 25273851 (Bankr.D.Idaho Aug. 15, 2003) (listing discharged debts as still due on the consumer's credit report); *Vogt v. Dynamic Recovery Servs. (In re Vogt),* 257 B.R. 65 (Bankr.D.Colo.2000) (reporting discharged credit card debts as still owed on credit report); *Carriere v. Proponent Fed. Credit Union,* 2004 WL 1638250 (W.D.La. July 12, 2004) (reporting discharged debts as "charged off" and "past due 180 days" on credit report)).

recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, ADTPA, federal law and state law which has resulted in this information remaining on Plaintiff's credit reports.

15.    Defendant has a tendency to "park" its accounts on at least one of Plaintiff's credit reports. This industry-specific term refers to keeping a false balance on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's unlawful conduct.

16.    Defendant has agreed to and understands it must follow the requirements of the FCRA including, but not limited to, the following:

      a)    15 U.S.C. § 1681(a)(1)(A) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."[3]

      b)    15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -

            (i)    the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

---

[3] As indicated herein, Defendant has either affirmed the validity of, or attempted to collect upon, these debts by reporting the same to the CRAs subsequent to Plaintiff's discharge.

                    (ii)      the information is, in fact, inaccurate."

         c)      15 U.S.C. § 1681(a)(2) which states, "[a] person who -

                    (A)      regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

                    (B)      has furnished to a consumer reporting agency information that the person <u>determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate</u>, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate." (emphasis supplied).

17.     Defendant knows that "parking" balances on consumer accounts will lead to the publication of false and defamatory information every time that consumer's credit reports are accessed.  Because Plaintiff's credit reports have been accessed since the discharge, Plaintiff has been defamed in that such false information has been published to third parties.

18.     All actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

19.     Defendant's actions, engaging in a pattern or practice of parking balances on consumer accounts that have been discharged in bankruptcy, were malicious, wanton, reckless, intentional or willful, and performed with the desire to harm Plaintiff, with the knowledge that its actions would very likely harm Plaintiff, and that its actions were taken in violation of the law.

20.     The actions, omissions, misrepresentations, and violations of the FCRA, ADTPA, federal law, and state law of Defendant, regarding Plaintiff's discharged debts, as described herein, have proximately caused Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation of which Plaintiff will in the future continue to suffer.

**Defendant Trans Union:**

21.     Defendant has failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information it has published, and continues to publish, in consumer credit reports in violation of 15 U.S.C. § 1681(e)(b).

22.     Indisputably, based upon the sheer volume of factually identical actions, Defendant should reasonably be aware of the inadequacy of its procedures and implement policies to improve the accuracy of the information it publishes.  The FTC's Official Staff Commentary § 603 item B states that "[a] consumer reporting agency must also adopt reasonable procedures to eliminate systematic errors that it knows about, or should reasonably be aware of, resulting from procedures followed by its sources of information."

23.    Defendant's intentional, reckless, and willful violations of the FCRA, ADTPA, federal

law and state law has proximately caused Plaintiff to suffer severe mental distress,

mental and physical pain, embarrassment, and humiliation which Plaintiff will in the

future continue to suffer.

## COUNT ONE
## ALL DEFENDANTS
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681, *et seq.*

24.    Plaintiff incorporates by reference herein paragraphs one (1) through twenty-three (23).

25.    In the entire course of its actions, Defendants willfully and/or negligently violated

multiple provisions of the FCRA in one or more of the following respects:

a)    By willfully and/or negligently failing, in the preparation of the consumer

reports concerning Plaintiff, to follow reasonable procedures to assure maximum

possible accuracy of the information they report as required by 15 U.S.C. §

1681(e)(b);

b)    By willfully and/or negligently failing to comport with reinvestigation

procedures listed within 15 U.S.C. § 1681i;

c)    By willfully and/or negligently failing to fulfill their duties as listed within

section 15 U.S.C. § 1681s-2, *i.e.* reporting information with actual knowledge of

errors, reporting information after notice and confirmation of errors, failing to

update and/or correct previously reported information determined to be inaccurate

or incomplete, failing to provide notice of dispute, and failing to provide notice of

closed account;

c) Defaming Plaintiff by publishing to third parties false information regarding Plaintiff's creditworthiness;

d) Invading the privacy of Plaintiff; and

e) Failing in their duty to prevent foreseeable injury to Plaintiff.

26. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business, and in gross reckless disregard of the rights of Plaintiff.

27. As a result of the above violations of the FCRA, Defendants are liable for Plaintiff's actual, compensatory, and statutory damages, and costs and attorney's fees under the FCRA.

**COUNT TWO**
**DEFENDANT FORD**
**NEGLIGENT, RECKLESS AND WANTON CONDUCT**

28. Plaintiff incorporates herein by reference paragraphs one (1) through twenty-seven (27).

29. Defendant's acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

30. As a proximate consequence of Defendant's negligence, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

**COUNT THREE**

## ALL DEFENDANTS
## INVASION OF PRIVACY

31.  Plaintiff incorporates by reference herein paragraphs one (1) through thirty (30).

32.  Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

33.  Defendants' actions were done so maliciously, without privilege, and with a willful intent to injury Plaintiff.

34.  As a proximate consequence of Defendants' invasion of Plaintiff's privacy, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT FOUR
## ALL DEFENDANTS
## DEFAMATION

35.  Plaintiff incorporates by reference herein paragraphs one (1) through thirty-four (34).

36.  Defendants published false information about Plaintiff by reporting to one or more of the CRAs, or other third parties, either a false account or balance.

37.  Likewise, Defendants published false information about Plaintiff each time Plaintiff's credit reports were accessed – which was the result intended by Defendants.

38.  The publications and defamations were done so maliciously, without privilege, and with a willful intent to injure Plaintiff.

39.  As a proximate consequence of Defendants' false reporting or publishing, Plaintiff has

been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT FIVE
## DEFENDANT FORD
## DECLARATORY AND INJUNCTIVE RELIEF

40.    Plaintiff incorporates herein by reference paragraphs one (1) through thirty-nine (39).

41.    A dispute exists as to whether Defendant has violated the FCRA, Federal law or State law.

42.    Plaintiff is entitled to injunctive relief, a declaratory judgment, and a determination that Defendant violated the FCRA, Federal law, and State law, and Plaintiff is similarly entitled to an order enjoining said acts.

43.    As a result of Defendant's actions, omissions and violations, Plaintiff is entitled to actual, compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

44.    Defendant's actions, omissions, and violations, as alleged herein, constitute the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

**WHEREFORE, THE PREMISES CONSIDERED**, Plaintiff respectfully prays that judgment be entered against Defendants, jointly and severally, by this Court for the following:

a)   Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendant Ford to be unlawful, enjoining such Defendant from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b)   Award Plaintiff actual damages;

c)   Award Plaintiff punitive damages;

d)   Award Plaintiff statutory damages where applicable;

e)   Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment;

f)   Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g)   Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 8th day of September, 2009.

/s/ Anthony B. Bush
Anthony B. Bush, Esquire
*Attorney for Plaintiff*
LEWIS, BUSH & FAULK, LLC
P.O. Box 5059 (36103)
*The Bailey Building*
400 South Union Street, Ste 230
Montgomery, AL 36104
Phone: (334) 263-7733
Facsimile:    (334) 832-4390
anthonybbush@yahoo.com

**DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

**FORD MOTOR CREDIT COMPANY, LLC**
THE CORPORATION COMPANY
2000 INTERSTATE PARK DR STE 204
MONTGOMERY, AL 36109

**TRANS UNION, LLC**
c/o Prentice-Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, Alabama 36104